UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD GRANGE,

                Plaintiff,

    v.

COLUMBIA COLLECTORS INC. et al.,

                Defendant.

CASE NO. 3:26-cv-05416-DGE

MINUTE ORDER

The following Minute Order is made by direction of the Court, United States District Judge David G. Estudillo:

On May 22, 2026, the Court struck via minute order Plaintiff's pending motion for summary judgment because (1) Plaintiff amended his complaint after moving for summary judgment, and (2) counsel for Defendants made an appearance for the first time just ten days before the motion's noting date. (Dkt. No. 16.) Plaintiff immediately filed a motion for reconsideration. (Dkt. No. 17.) The Court DENIES the motion to reconsider its order because Plaintiff has not shown a "manifest error in the prior ruling[,]" nor a "showing of new facts or

MINUTE ORDER - 1

legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1).

Separately, the Court notes Defendants' notice of appearance was deficient. (*See* Dkt. Nos. 13, 14.) The Court directs the Clerk to remove John P. Davenport as counsel of record in this matter. Defendants have no attorney at this time, as no attorney has made a proper formal appearance Defendants' behalf.

Finally, the Court DENIES Plaintiff's motion for default (Dkt. No. 19) for two reasons. First, the initial service of process appears deficient, as the proof of service identified service was completed on "Employee Melissa." (*See* Dkt. No. 8.) There is no explanation as to who this person is or why they are authorized to accept service on any of Defendants' behalf. Second, Plaintiff's amended complaint (Dkt. No. 11) includes allegations that were not part of the original complaint (Dkt. No. 4). Specifically, Plaintiff includes specific categories of alleged damages not pled in his original complaint. (*Compare* Dkt. No. 4 at 43–44 *with* Dkt. No. 11 at 45–51.) Plaintiff's motion for default is premised on the amended complaint (*see* Dkt. No. 19 at 3) but he has not shown proper service of the amended complaint on Defendants, which is required for an entry of default pursuant to Federal Rule of Civil Procedure 55(a). *E.g.*, *Best Western, Int'l, Inc. v. Melbourne Hotel Invs., LLC*, Case No. CV 06–2276–PHX–MHM, 2007 WL 2990132, at *1 (D. Ariz. Oct. 11, 2007) (denying a plaintiff's motion for default without prejudice for failure to comply with Rule 55). Accordingly, Defendants have not been properly served with the original complaint nor the amended complaint. Nor are they on notice of the additional claims for damages raised in the amended complaint. Default is therefore improper.

In conclusion, Plaintiff's motion for reconsideration (Dkt. No. 16) is DENIED. Plaintiff's motion for default (Dkt. No. 19) is DENIED without prejudice. The Clerk is directed

MINUTE ORDER - 2

to remove John P. Davenport as counsel of record from the docket.  Plaintiff is directed to complete proper service of his operative complaint so he may proceed with his claims.

Dated this 1st day of June 2026.

The foregoing Minute Order authorized by THE HONORABLE DAVID G. ESTUDILLO, UNITED STATES DISTRICT JUDGE.

MINUTE ORDER - 3