UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD GRANGE, | CASE NO. 3:26-cv-05416-DGE |
| Plaintiff, | MINUTE ORDER |
| v. | |
| COLUMBIA COLLECTORS INC. et al., | |
| Defendant. | |

The following Minute Order is made by direction of the Court, United States District Judge David G. Estudillo:

Plaintiff has filed objections (Dkt. No. 21), a supplemental declaration (Dkt. No. 22), and a "Second Supplemental Notice of Evidence" (Dkt. No. 23) related to the Court's June 1, 2026 minute order denying Plaintiff's motion for reconsideration (Dkt. No. 20).  In his objections, Plaintiff notes that he is not "requesting reconsideration of any portion of the Court's Order, and is not requesting any other relief from the Court at this time." (Dkt. No. 21 at 1.)  Rather, he intends "solely to preserve the foregoing objections on the record[.]"  (*Id.*)  Plaintiff's objections

MINUTE ORDER - 1

and related filings (Dkt. Nos. 21–23) are STRICKEN.  Because those documents indicate Plaintiff is not challenging the Court's order or requesting relief of any kind related to the order, such documents do nothing more than clog the docket and further, are not authorized.

Plaintiff also filed a "Motion to Stand on the Record of Explicit Service Waiver and Corporate Admissions; Contingent Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)."  (Dkt. No. 24.)  He requests the Court vacate its order denying Plaintiff's motion for reconsideration and to direct the Clerk to enter default against Defendant Columbia Collectors, Inc.  (Dkt. No. 24 at 1.)  Plaintiff identifies the following facts: (1) service was effectuated at the office of Ryan D. Jahn, Defendant's registered agent (*id.* at 3);[1] and (2) counsel for Defendant informed Plaintiff via email on May 20, 2026, that his client "indicate[d] their registered agent was served" the amended complaint (*id.* at 6).  Plaintiff attached this email to his motion.  (*See* Dkt. No. 24-6.)  Plaintiff also argues that this court and others in the district have accepted "materially identical proofs of service in comparable cases."  (Dkt. No. 24 at 9.)

The burden of proof to establish proper service of process rests on the plaintiff.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.").  Here, Plaintiff has failed to establish that proper service was completed.  Though he identifies that an employee named "Melissa" was served at the office of Defendant's registered agent and that counsel for Defendant acknowledged via email his client "indicates their registered agent was served" (Dkt. No. 24-6), these facts, on their own, do not confirm proper service or acceptance of service by

---

[1] The Court takes judicial notice of the fact that Ryan Jahn is listed as the registered agent for Defendant Columbia Collectors, Inc. on the Washington Secretary of State's website because it is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.

MINUTE ORDER - 2

the corporation itself under either the federal or Washington rules. *E.g.*, *Cranick v. Niagara Credit Recovery, Inc.*, Case No. No. 1:13–cv–671 LJO GSA, 2014 WL 325321, at *2 (E.D. Cal. Jan. 28, 2014) (finding evidence of service insufficient because summons and complaint were served on an unknown individual at a company and there was "no indication who [the individual] is, what her role is in the corporation, or how she was authorized to accept service[]").

As to any other case before any other judge in this district, the Court offers no comment on the facts of those cases, nor whether proper service was at issue. As to the case pending before this Court referenced by Plaintiff (*see* Dkt. No. 24-5), a brief look at the docket indicates no motion for default was filed, nor was the Court called on to determine whether service was proper.

Finally, Plaintiff's alternative request for a certificate of interlocutory appeal (*see* Dkt. No. 24 at 9–10) is DENIED. Plaintiff has not met the requirements for a certificate under 28 U.S.C. § 1292(b), and further, certificates of interlocutory appeal should only be granted "in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Plaintiff's "Motion to Stand" (Dkt. No. 24) is DENIED. Per the Court's prior order (*see* Dkt. No. 20), Plaintiff must establish proper service of Defendants for this matter to move forward. The failure to complete proper service will result in the dismissal of this matter.

Dated this 3rd day of June 2026.

The foregoing Minute Order authorized by THE HONORABLE DAVID G. ESTUDILLO, UNITED STATES DISTRICT JUDGE.

MINUTE ORDER - 3