UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD GRANGE,<br><br>Plaintiff,<br>v.<br><br>COLUMBIA COLLECTORS INC. et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05416-DGE<br><br>ORDER ON MOTION FOR DEFAULT JUDGMENT (DKT. NO. 30) |

Before the Court is Plaintiff Todd Grange's motion for default judgment against Defendant Columbia Collectors Inc. ("CCI"). (Dkt. No. 30.) For the reasons that follow, Plaintiff's motion is DENIED.

This lawsuit was first filed on April 24, 2026. (Dkt. No. 4.) Plaintiff, who is proceeding pro se, moved for summary judgment on April 29 (Dkt. No. 9) and then amended his complaint on May 10 (Dkt. No. 11). In his amended complaint, which is 53 pages long, Plaintiff alleges in April 2025, he entered a "written payment arrangement with a local Washington public utility." (*Id.* at 8.) Four days later (and 27 days before payment was due), the utility company apparently

referred Plaintiff's account to CCI "in breach of the written agreement." (*Id.*) CCI issued a collection letter with various alleged deficiencies. (*Id.*) Plaintiff submitted a written dispute and a "cease-and-desist" but CCI "failed to provide written verification of the debt and continued collection activity." (*Id.* at 8–9.) Plaintiff alleges a handful of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1629 *et seq.*; violations of the Washington Collection Agency Act, Washington Revised Code § 19.16 *et seq.*; and violations of the Washington Consumer Protection Act ("CPA"), Washington Revised Code § 19.86 *et seq.* (*Id.* at 30–43.)

The Court struck the motion for summary judgment on May 22 because it was premised on Plaintiff's first complaint, which was no longer the operative complaint in the matter. (*See* Dkt. No. 16.) Also on May 22, Plaintiff filed a motion for reconsideration of that decision, and on May 30, Plaintiff filed a motion for default against CCI. (Dkt. Nos. 17, 19.) On June 1, the Court denied the motion for reconsideration and removed attorney John P. Davenport as counsel of record for Defendants from the docket because his notice of appearance was deficient. (Dkt. No. 20.) The Court also noted that Plaintiff had not shown proper service of the amended complaint on Defendants, which is required for entry of default pursuant to Federal Rule of Civil Procedure 55(a). (*Id.* at 2.) Plaintiff then filed various unauthorized "notices" (Dkt. Nos. 21–23) and a second motion requesting the Court vacate its order denying his motion for summary judgment (Dkt. No. 24). By minute order on June 3, the Court struck the notices, denied the motion to vacate, and denied Plaintiff's request for a certificate of interlocutory appeal. (Dkt. No. 25.) The Court reminded Plaintiff that he was required to establish proper service of process under the Federal and Washington rules in order for this matter to move forward. (*Id.* at 2–3.) On June 3 and again on June 10, Plaintiff filed two affidavits of service. (Dkt. Nos. 26, 27.)

On June 25, 2026, Plaintiff moved for default against CCI. (Dkt. No. 28.) That motion was granted by the Court on July 2. (Dkt. No. 29.) Plaintiff now moves for default judgment against CCI. (Dkt. No. 30.) As of the date of this order, no counsel of record has appeared on behalf of CCI, nor has CCI opposed Plaintiff's motion.

In the Ninth Circuit, entry of default judgment is governed by *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *Eitel* requires the Court to consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–1472. All the *Eitel* factors do not need to weigh in Plaintiff's favor for the Court to grant default judgment. *See id.* at 1472. "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citation omitted). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

As a preliminary step, the Court must determine whether it has both subject matter and personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

The Court has federal question jurisdiction over Plaintiff's FDCPA claims. *See* 28 U.S.C. § 1331; 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the

amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."); *Bennett v. Am. Med. Response, Inc.*, 226 Fed. App'x 725, 726 (9th Cir. 2007) (acknowledging federal jurisdiction). The Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367.

Whether the Court has personal jurisdiction is a trickier question. "'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance'" with Federal Rule of Civil Procedure 4. *Crowley v. Bannister*, 734 F.3d 967, 974–975 (9th Cir. 2013) (citations omitted). "'[W]hether personal jurisdiction can be exercised is a question of law reviewable *de novo* when the underlying facts are undisputed.'" *Id.* (citations omitted). "While 'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint,' the serving party must substantially comply with the rule." *Patel v. Stewartson*, Case No.: 2:23-cv-00873-APG-NJK, 2026 WL 1068219, at *2 (D. Nev. Apr. 19, 2026) (quoting *Crowley*, 734 F.3d at 975 (internal citations omitted)).

The Court has previously identified issues with Plaintiff's attempts to serve Defendants. (*See* Dkt. Nos. 20 at 2; 25 at 2–3.) He has since reattempted service on CCI as follows:

- On June 3, 2026, Plaintiff served the summons, complaint, and an unspecified minute order on Ryan Jahn, CCI's registered agent.[1] (Dkt. No. 26.) The process server apparently received the June 3 summons on April 29, 2026. (*Id.*)
- On June 4, 2026, Plaintiff served the amended complaint on Jahn. (Dkt. No. 27.)

[1] The Court noted in a prior minute order that Jahn is listed as the registered agent for CCI on the Washington Secretary of State's website and took judicial notice of that fact because it '"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (Dkt. No. 25 at 2) (quoting Fed. R. Evid. 201). The Secretary of State website also lists CCI's registered agent address as 1104 Main St., Ste. 150, Vancouver WA, 98660.

Federal Rule of Civil Procedure 4(h) governs service on corporations, partnerships, and associations. According to Rule 4(h)(1)(B), service on a corporation must be made within a judicial district of the United States "by delivering a copy of the summons *and* of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B) (emphasis added). Proper service requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." *Id.* Importantly, the "complaint accompanying the summons must be the operative complaint, *i.e.*, service is ineffective if the defendant is served with an inoperative version of the complaint." *Phillips v. Securitas Security Servs. USA, Inc.*, Case No. C 17-06693 WHA, 2018 WL 3474186, at *2 (N.D. Cal. July 19, 2018).

In this case, on June 3, Plaintiff re-served the original summons alongside his original complaint (Dkt. No. 26), which has previously been identified by the Court as inoperative. (Dkt. No. 16 at 2) ("Plaintiff's amended complaint (Dkt. No. 11) is the operative complaint in this matter."). The original summons was electronically issued by the Clerk of Court in conjunction with Plaintiff's original complaint. (*See* Dk. No. 7.) No new summons was issued when Plaintiff filed his amended complaint. Then, on June 4, Plaintiff served the amended complaint—without summons—in contravention of Rule 4(c)(1). (*See* Dkt. No. 27.) As the Court sees it, service of the amended complaint alone, without new summons linked to that complaint, does not cure the prior defective service. Accordingly, the Court concludes Plaintiff has not substantially complied with the requirements of Rule 4. *Crowley*, 734 F.3d at 975 (citations and internal quotation marks omitted) (noting that while Rule 4 is a "flexible rule,"

service must be made in "substantial compliance" with Rule 4 in order to subject defendants to personal jurisdiction). Notwithstanding, "*pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Eriksen v. Wash. State Patrol*, Case No. CV-05-0195-LRS, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) (citing *Moore v. Agency for Int'l. Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)).

Plaintiff is therefore ORDERED to (1) obtain new summonses from the Clerk of Court; (2) re-serve the new summonses with the operative complaint on CCI and any other defendant in compliance with Rule 4(c)(1); and (3) file proof of service with the Court. Plaintiff SHALL properly serve CCI and provide proof of service no later than **August 6, 2026**. The Court's order granting default (Dkt. No. 29) is VACATED. The motion for default judgment (Dkt. No. 30) is DENIED without prejudice. Once Plaintiff has filed proof of proper service as directed in this order, if appropriate, he may file a renewed motion for default under the applicable federal and local rules.

The Clerk is directed to calendar this event.

Dated this 23rd day of July 2026.

David G. Estudillo
United States District Judge