UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD GRANGE,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA COLLECTORS INC. et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05416-DGE<br><br>ORDER ON PLAINTIFF'S MOTION FOR ORDER OF ALTERNATIVE SERVICE AND EXTENSION OF TIME TO COMPLETE SERVICE (DKT. NO. 37) |

Before the Court is Plaintiff's "Motion for Alternative Service Upon Defendant Edward M. Wiswall and for Extension of Time to Complete Service."[1] (Dkt. No. 37.) As explained in more detail below, Plaintiff's motion is GRANTED in part and DENIED in part.

In his motion, Plaintiff requests (1) an order authorizing service upon Wiswall by certified and first-class mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and Washington Revised Code § 4.28.080; and (2) an order extending the time to complete service on Wiswall

[1] In his declaration, Plaintiff requests the Court rule on his motion earlier than the noting date, which is set for August 26, 2026, because no defendant has appeared and there is no counsel of record. (Dkt. No. 37-1 at 3.)

pursuant to Federal Rule of Civil Procedure 4(m). (*Id.* at 2.) Plaintiff attaches the declaration of Patricia Pelen, a licensed Washington process server, who states she attempted to serve Wiswall five times over the course of two days, at both his private residence and at the office of Columbia Collectors Inc. ("CCI"), where Wiswall is the president. (Dkt. No. 37-2 at 2–4.)

Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" "Any alternative service must comport with due process such that it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Shein v. Mealthy Inc.*, Case No. 3:23-cv-05352-DGE, 2023 WL 6389942, at *1 (W.D. Wash. Oct. 2, 2023) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

In Washington, service must be effectuated personally or "by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion[.]" Wash. Rev. Code § 4.28.080(14). However, if a person cannot be served this way with "reasonable diligence[,]" they may be served

> [b]y leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address.

*Id.* § 4.28.080(15). "While reasonable diligence does not require the plaintiff to employ all conceivable means to locate the defendant, it does require the plaintiff to follow up on any information possessed that might reasonably assist in determining the defendant's whereabouts." *Pascua v. Heil*, 108 P.3d 1253, 1258 (Wash. Ct. App. 2005) (citation omitted). "Substitute service by mail . . . is permissible when the plaintiff sets forth the following facts: (1) that the

defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed himself within it, with intent to defraud creditors or avoid service of process." *Id.*; *see also* Wash. Rev. Code § 4.28.100(2); Wash. Super. Ct. Rule 4(d)(4). Importantly, "the authorizing judge must closely scrutinize the facts provided, rather than merely serving as a rubber-stamp" in authorizing alternative means of service. *Pascua*, 108 P.3d at 1258.

Plaintiff meets the first two elements. Pelen attempted service on Wiswall on five occasions over two days. (Dkt. No. 37-2 at 3–4.) Specifically, Pelen attempted service four times at Wiswall's workplace when he was not there, but was not given a time that he would return, and when Pelen attempted service at his home, she observed that Wiswall's house is "secured behind a locked gate" and the call box on the gate "was posted with 'no trespassing' signage." (*Id.* at 3.) The Court agrees that these attempts qualify as "'honest and reasonable efforts to locate'" Wiswall. *Kelbessa v. Gerster*, Case No. C24-1547JLR, 2025 WL 896802, at *1 (W.D. Wash. Mar. 24, 2025) (citation omitted). Second, Plaintiff has shown that Wiswall is a resident of Washington by attempting service at his home address in Vancouver and verifying this address through Clark County property records. (Dkt. No. 37-2 at 2–3.)

However, Plaintiff has not shown that Wiswall "either left the state or concealed himself within it, with intent to . . . avoid service of process." *Pascua*, 108 P.3d at 1258. Though Plaintiff has been unable to serve Wiswall over a two-day span, neither he nor Pelen have provided any facts to support the inference Wiswall is intentionally dodging service. (*Cf.* Dkt. Nos. 37-1; 37-2.) Additionally, as Plaintiff states in his declaration, Wiswall was apparently

served previously with the original summons and the amended complaint on July 10, 2026.[2] (Dkt. No. 37-1 at 2.) In the Court's mind, this fact cuts against the notion that Wiswall has left the state or concealed himself with the intention of avoiding service. In short, at this time, Plaintiff "has merely demonstrated [he] cannot locate Defendant based on the information available to [him.]" *Lumico Life Ins. Co. v. Adams*, Case No. C20-5515-MLP, 2021 WL 22587, at *3 (W.D. Wash. Jan. 4, 2021). The Court appreciates that Plaintiff has put forth significant effort in locating and serving Wiswall. However, "[s]trict compliance with the statute authorizing service by [mail] is required." *Rodriguez v. James-Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005). Plaintiff's request for an order authorizing service by mail on Wiswall is DENIED.

Rule 4(m) provides that a defendant must be served within 90 days of when the complaint is filed, and if not, the court must dismiss the action without prejudice. However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Here, the Court agrees Plaintiff has shown good cause for an extension. After the Court denied Plaintiff's motion for default judgment on July 23 (*see* Dkt. No. 32), he requested new summonses from the Clerk, which were issued electronically on July 24. (Dkt. Nos. 33, 34.)

---

[2] Plaintiff filed an affidavit of service on Wiswall on July 10, 2026. (*See* Dkt. No. 31.) The Court denied Plaintiff's motion for default judgment on July 23, explaining that service was improper because Plaintiff served the original summons, which was issued by the Clerk's office alongside the original complaint, but attached the amended complaint with no new summons, rendering service improper. (Dkt. No. 32 at 5); *see also Phillips v. Securitas Security Servs. USA, Inc.*, Case No. C 17-06693 WHA, 2018 WL 3474186, at *2 (N.D. Cal. July 19, 2018) (The "complaint accompanying the summons must be the operative complaint, i.e., service is ineffective if the defendant is served with an inoperative version of the complaint.").

Plaintiff filed an affidavit of service on August 3, certifying that Defendant CCI was served via registered agent. (Dkt. No. 36.) Plaintiff retained Pelen, who received the service documents on July 28, and attempted service on Wiswall on August 3 and 4. (Dkt. No. 37-2 at 2–3.) These actions demonstrate Plaintiff's good faith attempts to follow the Court's directions in its order denying his motion for default judgment and to effectuate proper service. Accordingly, the Court finds Plaintiff has presented sufficient good cause and GRANTS Plaintiff's motion for extension of time to serve Wiswall pursuant to Rule 4(m).

In conclusion, Plaintiff's motion (Dkt. No. 37) is GRANTED in part and DENIED in part. Plaintiff's motion for alternative service is DENIED without prejudice. Plaintiff's motion for an extension of time to complete service is GRANTED. Plaintiff SHALL properly serve Wiswall and provide proof of service no later than **September 8, 2026**.

Dated this 6th day of August 2026.

David G. Estudillo
United States District Judge